UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON GAZA,

    Plaintiff,

v.                                                      CASE NO.:

FLIGHTSAFETY TEXTRON AVIATION
TRAINING LLC,

    Defendant
_____/

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, FLIGHTSAFETY TEXTRON AVIATION TRAINING LLC. (hereinafter "Defendant" or "FlightSafety Textron") files this notice to remove the above-entitled action from the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, Tampa Division. Defendant shows the Court as follows:

**I.  BACKGROUND**

1. On May 15, 2020, Plaintiff Jason Gaza initiated this action in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida by filing a Complaint captioned *Jason Gaza v. FlightSafety Textron Aviation Training, LLC.* The Circuit Court designated Plaintiff's action as Case No. 2020-CA-1147-WS ("Circuit Court Action").

2. Plaintiff's Complaint seems to contain one count against Defendant, alleging violation of the Florida's Private Whistleblower Act, Florida Statute § 448.102. Pursuant to 28 U.S.C. § 1446(a), a full and complete copy of all State Court filings are attached hereto. *See* Exhibit A.

3. On June 9, 2020, Defendant's Registered Agent, Corporation Service Company, was served with the Original Complaint. A true and correct copy of the Complaint and proof of service are attached hereto as Exhibit B. Thus, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), within thirty (30) days from the date on which Defendant was served with the Circuit Court Action.

## II.   DIVERSITY JURISDICTION

4. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332(a)(1). Both of the requirements for diversity jurisdiction are met in this case.

**A.   The Amount in Controversy Exceeds $75,000.**

5. Plaintiff's Complaint alleges damages that "exceed Fifty-Thousand Dollars" ($50,000.00) (*See* Compl. ¶ 1.) Specifically, Plaintiff seeks to recover, among other things, lost wages, benefits, and other remuneration, compensatory damages, and attorneys' fees. (See Plaintiff's Prayer for Relief Compl. pp. 16-17) Where, as here, the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A).

6. "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted). Thus, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Id.* at 1062.

7. Courts may also consider jury verdicts rendered in matters raising similar claims and injuries. *See, e.g., Payne v. J.B. Hunt Transp., Inc.,* 154 F. Supp. 3d 1310, 1314 (M.D. Fla. 2016) (reviewing evidence of settlements and jury verdicts together with the allegations of plaintiff's complaint to conclude that "it [was] more likely than not that the amount in controversy exceeds $75,000."); *see also Alshakanbeh v. Food Lion, LLC*, 2007 U.S. Dist. LEXIS 20746, at *4-7 (M.D. Fla. Mar. 23, 2007) (considering information from defendant based upon defendant's review of published jury verdicts and damages awards involving claims similar to plaintiff's in determining that the requisite $75,000 minimum had been established). Importantly, "[a] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Payne*, 154 F. Supp. 3d at 1313 (internal quotation marks omitted).

8. As explained in further detail below, the amount in controversy requirement is satisfied in this case because the calculation of Plaintiff's purported damages, exclusive of interest and costs, exceeds $75,000.

LOST WAGES

9. Although Plaintiff has not – and cannot – assert a viable claim under either Florida's Private Whistleblower Act against Defendant, he alleges that his damages include lost wages. (Compl. p.17). As a result, with respect to discrete portions of a plaintiff's claim for lost wages, back pay is not only considered in calculating the jurisdictional threshold, but it is regularly computed through an estimated trial date. On this point, case law is replete with examples of district courts – applying Eleventh Circuit precedent – assessing the amount in controversy requirement by adding the potential back pay award to the date of trial. *See, e.g., Cashman v. Host Int'l, Inc.*, 8:10-CV-1197-T-30MAP, 2010 WL 4659399, *2 (M.D. Fla. Nov.9, 2010) (citing *Pretka v. Kolter City Plaza II, Inc.* 608 F.3d 744, 754 (11th Cir. 2010) ("[c]onsideration of the

additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation. It is, instead, extrapolation of the submitted evidence, which is permitted under *Pretka*.")); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011)("[b]ack pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Sheehan v. Westcare Found, Inc.*, No. 8:12-CV-2544-T- 33TBM, 2013 WL 247143, *2 (M.D. Fla. Jan. 23, 2013)(same); *Morgan v. Sears, Roebuck, & Co.*, 12-60055-CIV, 2012 WL 2523692, *2 (S.D. Fla. June 29, 2012)(citing *Pretka*)(same); *Leslie v. Conseco Life Ins. Co.*, No. 11-81035, 2012 WL 4049965, *3 (S.D. Fla. Sept. 13, 2012)(citations omitted); *Penalver v. N. Elec., Inc.*, 12-80188-CIV, 2012 WL 1317621 at *2 (S.D. Fla. Apr. 17, 2012); *Morris v. Plant Performance Servs., LLC.*, 5:11- CV-350/RS-EMT, 2011 WL 6203497 at *1 (N.D. Fla. Dec. 13, 2011) (citing *Fusco v. Victoria's Secret Stores, LLC*, 806 F. Supp. 2d 1240, 1244 (M.D. Fla. 2011)); *Cordell v. W.W. Williams Co.*, 16 F. Supp. 3d 1351, 1359 (N.D. Ala. 2014); *Wineberger v. Racetrac Petroleum, Inc*., No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760 at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd* by *Wineberger Racetrac Petroleum, Inc*., 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

10. At the time of his discharge, on May 15, 2020, Plaintiff's yearly salary was approximately $98,020.00. *See* Declaration of Tyler Dall, ¶ 4, attached as Exhibit C. Accordingly, Plaintiff's back pay to date is approximately $11,310.00 not including the additional value of the benefits he seeks.[1] Adding an additional year of back pay to account for the expected time between

---

[1] $98,020, divided by 52 weeks is approximately $1,885.00 per week, and from his date of termination (May 15, 2020), through June 29, 2020, is approximately six weeks, so $1,885.00 x 6= $11,310.00

now and trial, Plaintiff would seek to recover approximately $109,330 in total back pay.[2] In addition, a conservative estimate of front pay would be equal to one year of pay, increasing Plaintiff's claim for lost pay to $207,350.00,[3] not including the added value of the benefits he seeks to recover. Accordingly, Plaintiff's claims for lost pay alone satisfy the amount-in-controversy requirement.

COMPENSATORY DAMAGES

11.    In addition to lost wages, Plaintiff seeks "any other compensatory damages allowable at law." (*See* Compl. p. 17, Plaintiff's Prayer for Relief). For purposes of valuing potential emotional distress claims to determine the amount in controversy, courts have looked to compensatory damage awards in similar cases. In *Barnes v. JetBlue Airways Corp.*, No. 07-60441-CIV, 2007 WL 1362504 at *2 (S.D. Fla. May 7, 2007), in a case involving a whistleblower claim under § 448.102, Fla. Stat., the court held that "though difficult to quantify, [compensatory damage awards] could easily match the amount … in economic damages." Using this standard, Plaintiff's potential compensatory damages, in combination with his lost wages, would easily exceed $75,000.

12.    Even further, courts have awarded compensatory damages in cases involving whistleblower retaliation claims well in excess of the jurisdictional amount required. *See e.g.*, *United States Equal Employment Opportunity Commission and Ted Maines v. Federal Express Corp.*, 2004 WL 3395039 at *1 (M.D. Fla. December 16, 2004) ($1,370,000 awarded for emotional pain and anguish); and *Decarlo v. City of Tallahassee*, 2016 WL 3199441 (N.D. Fla. March 2, 2016) ($700,000 awarded to plaintiff for pain and suffering); *Armstrong v. Charlotte Cnty.*, No. 2:20-CV-0073, 2003 WL 26074125 (M.D. Fla. Feb. 6, 2003)($275,000 awarded for mental pain and anguish in case including claim under Florida's Whistleblower Act).

---

[2] Plaintiff's annual salary was $98,020.00, so $98,020 + $11,310.00 = $109,330.00
[3] $109,330.00 + $98,020.00 = $207,350.00

## ATTORNEYS' FEES

13.     Additionally, Plaintiff seeks to recover attorneys' fees and costs. It is well settled in the Eleventh Circuit that "[w]hen a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.* 228 F.3d 1255, 1265 (11th Cir. 2000).

14.     It is reasonable to conclude Plaintiff's attorneys' fees alone in this matter, from inception through trial, in connection with his other damages, would well exceed the minimum jurisdictional amount in controversy. Indeed, Plaintiff's counsel could be expected to expend at least 200 hours prosecuting this case, which would include multiple witness depositions, drafting and answering discovery, time spent briefing oppositions to Defendant's Motion for Summary Judgment and preparing for and attending a multiple day trial. Even at a conservative hourly rate of $250, Plaintiff would incur at least $50,000 in attorneys' fees.

## COMPARABLE JURY VERDICTS

15.     Finally, and in line with precedent indicating courts may consider jury verdicts in determining the amount in controversy, recent verdicts reflect that should Plaintiff prevail, he certainly could recover far in excess of $75,000. *See e.g. Decarlo v. City of Tallahassee*, 2016 WL 3199441 (N.D. Fla. March 2, 2016) ($845,329 verdict returned in case involving a whistleblower retaliation claim); *United States Equal Employment Opportunity Commission and Ted Maines v. Federal Express Corp.*, 2004 WL 3395039 at *1 (M.D. Fla. December 16, 2004) ($1,571,010.30 verdict returned in case involving a whistleblower retaliation claim.); *Armstrong v. Charlotte Cnty.*, No. 2:20-CV-0073, 2003 WL 26074125 (M.D. Fla. February 6, 2003)($275,000 awarded to plaintiff for mental pain and anguish in case including claim under Florida's Whistleblower Act).

16.     Considering the cumulative value of Plaintiff's potential claims for back pay, front

pay, compensatory damages and attorneys' fees, the amount in controversy unequivocally exceeds $75,000, exclusive of interests and costs.

**B.     There is Complete Diversity of Citizenship.**

17.     Upon information and belief, Plaintiff resided in the state of Florida at the time his Complaint and this Notice of Removal were filed. *See* Complaint, ¶ 1 ("Plaintiff is a natural person residing in Pasco County, Florida . . . ."). 28 U.S.C. § 1332(a)(1). Accordingly, Plaintiff is a citizen of Florida.

18.     At the time of filing of Plaintiff's Complaint, Defendant was and is a citizen of a state other than Florida. Specifically, FlightSafety Textron Aviation Training LLC is a limited liability company organized under the laws of the state of Delaware, with its principle place of business in New York. *See* Declaration of Tyler Dall, ¶ 5. FlightSafety Textron Aviation Training LLC's sole members are FlightSafety International, Inc., which is incorporated in New York with its principal place of business in New York and Tru Simulation + Training Inc., which is incorporated in Delaware with its principal place of business in South Carolina. *See id.*, ¶ 6.

19.     As such, Defendant is not a citizen of Florida, and there is complete diversity between Plaintiff and Defendant.

### III.   PROCEDURAL PREREQUISITES

20.     Venue is proper, as this is the Court assigned to the district and division in which the action is pending in state court. See 28 U.S.C. § 89(b). This Notice of Removal is being filed within 30 days after Defendant received a copy of Plaintiff's Complaint, from which it was first ascertainable that the case was removable to federal court. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

21.     As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice

of Removal, together with a copy of this Notice of Removal, is being promptly filed in the Sixth Judicial Circuit, Pasco County, Florida and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without Exhibits), filed with the Sixth Judicial Circuit, Pasco County, Florida, is attached hereto as Exhibit D.

WHEREFORE, Defendant effects removal of this action from the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, Tampa Division.

Dated June 29, 2020.    Respectfully submitted,

LITTLER MENDELSON, P.C.
111 N. Orange Avenue, Suite 1750
Orlando, Florida 32801-2366
Telephone: (407) 393-2900
Facsimile: (407) 393-2929

BY: */s/ Kimberly J. Doud*
Kimberly J. Doud
Fla. Bar No.: 523771
Email: kdoud@littler.com

Natalie J. Storch
Fla. Bar No.: 269920
Email: njstorch@littler.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of June, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and a correct copy of the foregoing has been furnished electronic mail to:. W. John Gadd, Esq., Bank of America Building, 2727 Ulmerton Road, Suite. 250, Clearwater, FL 33762, email: wjg@mazgadd.com and Kyle J. Lee, Esq. Lee Law PLLC P.O. Box 4476, Brandon, FL 33509-4476, email: Kyle@Kyleleelaw.com.

*/s/ Kimberly J. Doud*
Kimberly J. Doud